IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS E. McELLIGOTT,  ) <br> MICHELLE F. McELLIGOTT,  ) <br>  ) <br> Plaintiffs,  ) <br>  ) <br> v.  ) <br>  ) <br> UNITED PARCEL SERVICE, INC.,  ) <br> A Delaware Corporation,  ) <br>  ) <br> Defendant.  ) | Case No: 1:17-cv-03491 <br><br> Honorable Sara L. Ellis |

### DEFENDANT'S MOTION TO DISMISS
### COUNTS I AND II OF PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant United Parcel Service, Inc. ("UPS" or "the Company") hereby moves this Court to dismiss Counts I and II of Plaintiffs' Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of its motion, UPS states as follows:

### COUNT I

1. Plaintiffs Michelle F. McElligott (hereinafter "Michelle") and Thomas E. McElligott (hereinafter "Thomas") filed their three-count Second Amended Complaint on November 15, 2017.

2. In Count I of the Second Amended Complaint and in the Equal Employment Opportunity Commission ("EEOC") charge underlying her assertions in Count I, Michelle alleges sexual harassment and retaliation based on her termination from the Company on March 26, 2015. (Pls.' Second Am. Compl. ¶¶ 8–10; EEOC Charge No. 440 2017 02193).

3. The EEOC charge specifically indicates March 26, 2015 as the latest date of discrimination. Michelle waited until March 1, 2017—**706 days later**— to file her charge with the EEOC.

4. Claims brought pursuant to Title VII are actionable only if the plaintiff filed an administrative action with the EEOC containing those claims within 300 days of the alleged discrimination.

5. Michelle apparently asserts her delay in filing was caused by information provided to her by the EEOC. She alleges the EEOC interviewer, upon Michelle's visit to the Chicago field office with her husband Thomas in July 2015, advised her that she could not file a charge with the EEOC based on the lack of evidence supporting her claims. Michelle also claims she was advised that because she was a union member of the International Brotherhood of Teamsters, she would need to file a charge with the National Labor Relations Board ("NLRB"). (Pls.' Second Am. Compl. ¶ 15).[1]

6. Michelle also alleges that she and her husband visited the Illinois Department of Human Rights ("IDHR") in July 2015, though she makes no representations in the complaint as to what occurred there. (Pls.' Second Am. Compl. ¶ 13). Nor does Michelle allege why she did not timely file a charge of discrimination with the IDHR.

7. Michelle filed a charge with the NLRB on July 27, 2015, in which she makes no allegations whatsoever related to sexual harassment, sex discrimination, or retaliation for complaining about sexual harassment or sex discrimination. Instead, the charge asserts only that UPS "acceded to the Union's Section 8(b)(2) conduct" and that Michelle was terminated "in order to discourage union activities or membership." (NLRB Charge No. 13-CA-156873).

8. Michelle's charge was dismissed by the NLRB on October 26, 2015. Michelle appealed the decision of the NLRB, and the appeal was denied on February 9, 2016.

---

[1] Plaintiffs did not appropriately modify the paragraph numbers in their Second Amended Complaint, such that there are now two ¶15—one located in the section titled "Plaintiffs' Charges with the EEOC" and the other in "Count II." This citation refers to ¶15 in "Plaintiffs' Charges with the EEOC."

9.   Michelle waited another **385 days** thereafter to file her charge with the EEOC on March 1, 2017.

10.   Because Michelle waited 706 days to file her EEOC charge following her termination from UPS, her claims of sexual harassment and retaliation are time barred and cannot proceed against UPS. Michelle's newly asserted allegations do not warrant tolling of the EEOC filing deadline.

## COUNT II

11.   In Count II of the Second Amended Complaint, Thomas alleges UPS terminated him in retaliation for complaining to management about Michelle's termination. (Pls.' Second Am. Compl. ¶¶ 15–21).[2]

12.   In the EEOC charge underlying his allegations in Count II, however, Thomas makes no mention of Michelle, allegations of sexual harassment, or any attempts to complain to management about the Company's treatment of other employees. Instead, he only purports to have complained to management about "being subpoenaed for an investigation," and that he "was discharged for a violation that other employees were not discharged for."

13.   That Thomas allegedly discussed with the EEOC interviewer in March 2017 his complaints to Company management about the discrimination against Michelle —suggesting that the interviewer memorialized Thomas's allegations incorrectly—is inconsistent with his signature at the bottom of the charge declaring "under penalty of perjury that the above is true and correct."

---

[2] Plaintiffs did not appropriately modify the paragraph numbers in their Second Amended Complaint, such that there are now two sets of ¶¶15–21—one located in the section titled "Plaintiffs' Charges with the EEOC" and the other in "Count II." This citation refers to ¶¶15–21 in "Count II."

14. Thomas's assertions at Count II that he was terminated for complaining to management about his wife's termination are neither like nor reasonably related to the claims in his underlying EEOC charge.

15. Accordingly, Thomas's retaliation claim is beyond the scope of the underlying charge and cannot proceed against UPS.

16. UPS submits herewith a memorandum of law in support of this motion.

WHEREFORE, Defendant United Parcel Service, Inc. requests that the Court dismiss Counts I and II of Plaintiffs' Second Amended Complaint with prejudice and grant any other relief the Court deems appropriate.

Date:  December 6, 2017

                        Respectfully submitted,

                        UNITED PARCEL SERVICE, INC.

                        /s/ Jeffrey S. Piell
                        One of Its Attorneys

Jeffrey S. Piell, ARDC #6208138
Matthew A. Sloan, ARDC #6324665
Quarles & Brady LLP
300 N. LaSalle Street, Suite 4000
Chicago, IL 60654
T: (312) 715-5000
jeffrey.piell@quarles.com
matthew.sloan@quarles.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing **Defendant's Motion to Dismiss Counts I and II of Plaintiffs' Second Amended Complaint** was filed electronically using the Court's CM/ECF system on December 6, 2017. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system at the e mail addresses indicated below. Parties may access this filing through the Court's system.

>Timothy J. Patenode
>J. Matthew Haws
>Katten Muchin Rosenman LLP
>525 W. Monroe Street
>Chicago, IL 60661-3693
>Timothy.patenode@kattenlaw.com
>Matthew.haws@kattenlaw.com

          Jeffrey S. Piell